Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| LUNA RESIDENTIAL III, LLC<br><br>Parte Recurrida<br><br>v.<br><br>JUANA PÉREZ FUENTES,<br>EVELYN ORTIZ PÉREZ<br><br>**ESTADO LIBRE ASOCIADO<br>DE PUERTO RICO**<br><br>Parte Peticionaria | KLCE202401384 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>TB2019CV00453<br><br>Sobre:<br>Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de febrero de 2025.

El 20 de diciembre de 2024, el Ministerio Público, a través de la Oficina del Procurador General de Puerto Rico (parte peticionaria), instó el recurso de *certiorari* de epígrafe.[1] Solicita que revoquemos una *Resolución Interlocutoria* emitida el 28 de octubre de 2024, notificada y archivada en autos el 29 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, mediante la cual el foro primario ordenó al Ministerio Público a solicitar una declaración de incapacitación respecto a la señora Juana Pérez Fuentes (la señora Pérez Fuentes) y la señora Evelyn Ortiz Pérez (señora Ortiz Pérez), según el Artículo 111 del *"Código Civil de Puerto Rico" de 2020* (Código Civil).[2]

A la luz de la Regla 40 del Reglamento de Tribunal de Apelaciones,[3] y por los fundamentos que exponemos a continuación,

---

[1] Examinada la petición de *certiorari* y los documentos que obran en autos, prescindimos de la comparecencia de la parte recurrida, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5).
[2] *Resolución Interlocutoria*, Apéndice del recurso, págs. 176-177; Artículo 111 del *"Código Civil de Puerto Rico" de 2020*, Ley Núm. 55 del 1 de junio de 2020, 31 LPRA sec. 5632.
[3] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40.

Número Identificador

SEN2025_____

se expide el recurso de *certiorari* y *se revoca* la *Resolución Interlocutoria* recurrida.

**I.**

El 2 de julio de 2019, Firstbank Puerto Rico (Firstbank), luego sustituido por Luna Residential III, LLC (Luna Residential),[4] radicó una *Demanda* sobre cobro de dinero y ejecución de hipoteca, por la vía ordinaria, en contra de la señora Pérez Fuentes y la señora Ortiz Pérez (en conjunto, demandadas).[5]

Por su parte, la señora Pérez Fuentes y la señora Ortiz Pérez presentaron una *Contestación a la Demanda* en la que incluyeron sus defensas afirmativas y negaron las alegaciones realizadas por Firstbank.[6]

Después de varios trámites procesales, el 22 de febrero de 2023, el TPI emitió una *Minuta* de la cual se desprende que el señor Carlos Rubén Ortiz Pérez (señor Ortiz Pérez) informó que llevaron a su mamá, la señora Pérez Fuentes, al hospital y la diagnosticaron con demencia senil, al igual que a la señora Ortiz Pérez, su hermana.[7]

Ante ello, el Centro de Mediación radicó una *Moción Informativa en Solicitud de Determinación del Tribunal* el 31 de marzo de 2023.[8] Arguyó que la información brindada por el señor Ortiz Pérez sobre su mamá y su hermana apuntaba a la necesidad de evaluar la pertinencia del nombramiento de un defensor judicial para ambas y, también, para que el proceso de mediación se pudiese

---

[4] Firstbank radicó una *Moción solicitando sustitución de parte demandante* el 12 de noviembre de 2021 con relación a Luna Residential, y a tenor con la Regla 22.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 22.3; véase, *Moción reafirmando sustitución de parte demandante y sometiendo documentos*, Apéndice del recurso, págs. 19-21.

[5] *Demanda*, Apéndice del recurso, págs. 1-6.

[6] *Contestación a la Demanda*, *Íd.*, págs. 7-9.

[7] *Minuta, Íd.*, págs. 86-88.

[8] *Moción Informativa en Solicitud de Determinación del Tribunal, Íd.*, págs. 89-90; véase, además, *Orden de referido al Centro de Medicación de Conflictos en casos de ejecución de hipotecas, Íd.*, págs. 79-82; *Ley para Medicación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal"*, Ley Núm. 184 del 17 de agosto de 2012 (Ley Núm. 184-2012), según enmendada, 32 LPRA secs. 2881 *et seq.*

llevar a cabo, a tenor con la Ley Núm. 38 del 27 de mayo de 2019, la cual enmendó el Artículo 3 de la Ley Núm. 184-2012.[9]

El 12 de abril de 2024, Luna Residential presentó una *Moción en cumpli[mi]ento y solicitando que se nombre un defensor judicial.*[10]

El foro primario emitió una *Orden para la asignación de abogado(a) de oficio o abogado(a) auxiliar* el 10 de mayo de 2023, por la cual asignó al licenciado Jesús R. Morales Cordero (licenciado Morales Cordero) como defensor judicial de la señora Pérez Fuentes y la señora Ortiz Pérez para representarlas en los procedimientos del caso de autos.[11]

Posteriormente, el licenciado Morales Cordero radicó una *Moción con relación al nombramiento de defensor judicial al amparo del Artículo 112 del Código Civil* el 3 de julio de 2023, donde alegó que, sin mediar una declaración judicial de incapacitación de las demandadas, él estaba impedido de representarlas en el pleito de epígrafe.[12] Por ende, solicitó del foro *a quo* que dejara sin efecto su nombramiento como defensor judicial, paralizara los procedimientos del caso, y refiriera el caso a la Oficina de la Procuradora de Relaciones de Familia para que esta evaluara y considerara la presentación de una petición de incapacitación de ambas demandadas, a tenor con el Artículo 111 del Código Civil.[13]

El 14 de julio de 2023, la Procuradora de Asuntos de Familia presentó una *Moción en cumplimiento de orden y comparecencia especial sin someternos a la jurisdicción.*[14] Mediante esta, dicha agencia administrativa arguyó que ni las Reglas 4.4(c), 15.2(b) y 22.2

---

[9] Artículo 3 de la Ley Núm. 184-2012, *supra*, sec. 2882.

[10] *Moción en cumpli[mi]ento y solicitando que se nombre un defensor judicial*, Apéndice del recurso, págs. 91-93.

[11] *Orden para la asignación de abogado(a) de oficio o abogado(a) auxiliar*, *Íd.*, págs. 94-96.

[12] *Moción con relación al nombramiento de defensor judicial al amparo del Artículo 112 del Código Civil*, *Íd.*, págs. 97-99.

[13] Artículo 111 del Código Civil, *supra*, sec. 5632.

[14] *Moción en cumplimiento de orden y comparecencia especial sin someternos a la jurisdicción*, Apéndice del recurso, págs. 101-103.

de Procedimiento Civil,[15] ni lo resuelto en *Rivera y Otros v. Bco. Popular*,[16] indicaban que para poder continuar con el litigio había que declarar la incapacitación de la parte demandada. Sostuvo que, por el contrario, estas disposiciones iban dirigidas a que, de existir duda sobre la capacidad *de facto* de dicha parte, se debía informar al tribunal, y que este, a su vez, evaluaría si la persona sufría de una reducción de sus capacidades para entender los procedimientos y, de ser así, designara un defensor judicial.

Por su parte, el licenciado Morales Cordero radicó una *Moción en cumplimiento de orden y para reiterar solicitud de que se ordene al Ministerio Público que inicie proceso de incapacitación de las demandadas* el 5 de septiembre de 2023, apoyada en el Artículo 111 del Código Civil.[17]

El 11 de septiembre de 2023, Luna Residential presentó una *Moción en Cumplimiento de Orden* por la que sostuvo que, en vista de que el foro primario había designado un defensor judicial en el caso de referencia, el pleito podía continuar por o en contra de su tutor o defensor judicial.[18]

Luego de ello, el licenciado Morales Cordero radicó una *Moción en Cumplimiento de Orden* el 25 de septiembre de 2019 donde indicó que no coincidía con la postura de Luna Residential en cuanto a la solicitud de paralización de los procedimientos.[19]

El 9 de noviembre de 2023, el TPI emitió una *Resolución*, notificada y archivada en autos el 13 de noviembre de 2023,[20] mediante la cual determinó que no le asistía la razón al defensor

---

[15] Reglas 4.4(c), 15.2(b) y 22.2 de Procedimiento Civil, *supra*, R. 4.4(c), 15.2(b) y 22.2.

[16] *Rivera y Otros v. Bco. Popular*, 152 DPR 140 (2000).

[17] *Moción en cumplimiento de orden y para reiterar solicitud de que se ordene al Ministerio Público que inicie proceso de incapacitación de las demandadas*, Apéndice del recurso, págs. 104-107; Artículo 111 del Código Civil, *supra*, sec. 5632.

[18] *Moción en Cumplimiento de Orden*, Apéndice del recurso, págs. 108-110.

[19] *Moción en Cumplimiento de Orden, Íd.*, pág. 111.

[20] *Resolución, Íd.*, págs. 112-115.

judicial, y que las demandadas no tenían que ser declaradas incapaces judicialmente para la designación de un defensor judicial.

Ulteriormente, el licenciado Morales Cordero radicó una *Moción sobre información de la cuenta bancaria de las demandadas y para reiterar solicitud de referido al Ministerio Público para proceso de incapacitación y nombramiento de tutor* el 4 de enero de 2024.[21]

Posteriormente, el 26 de febrero de 2024, el licenciado Morales Cordero presentó una *Moción Informativa* donde reiteró que entendía que las demandadas estaban incapacitadas y que debía solicitarse el nombramiento de un tutor con facultad de manejar los asuntos de ambas.[22]

Luego de varios trámites procesales, el 25 de marzo de 2024, el Ministerio Público presentó un *Informe Fiscal (En Cumplimiento de Orden y Fijando Posición)*.[23] Por medio de este, suplicó del foro primario que sostuviera las determinaciones emitidas en la *Resolución* del 9 de noviembre de 2023 y, en la alternativa, solicitó de dicho foro que, de entenderlo pertinente, ordenara al defensor judicial o, en su defecto, al Departamento de la Familia, a comenzar los trámites de una solicitud de incapacitación respecto a las demandadas, conforme al Artículo 110 del Código Civil.[24]

Por su parte, el Departamento de la Familia y la Administración de Familias y Niños (ADFAN) radicaron una *Moción en Cumplimiento de Orden* el 8 de julio de 2024 por la que indicaron que el Departamento de la Familia no poseía autoridad para intervenir por ambas en pleitos de cobro de dinero y ejecución de hipoteca, sino que el defensor judicial era quien se encontraba en

---

[21] *Moción sobre información de la cuenta bancaria de las demandadas y para reiterar solicitud de referido al Ministerio Público para proceso de incapacitación y nombramiento de tutor, Íd.*, págs. 116-130.
[22] *Moción Informativa, Íd.*, págs. 132-134.
[23] *Informe Fiscal (En Cumplimiento de Orden y Fijando Posición), Íd.*, págs. 138-140.
[24] Artículo 110 del Código Civil, *supra*, sec. 5631.

mejor posición para cualquier defensa en beneficio de los adultos mayores.[25]

Después de múltiples trámites procesales, el TPI emitió una *Minuta* el 23 de octubre de 2024 sobre una vista sobre estado de los procedimientos.[26] De la misma surge que el foro primario expresó que iba a continuar el caso con el defensor judicial y sin el Ministerio Público.

Sin embargo, el 28 de octubre de 2024, el foro primario emitió una *Resolución Interlocutoria* por la que ordenó al Ministerio Público a solicitar una declaración de incapacitación de las demandadas, a tenor con el Artículo 111 del Código Civil.[27] Añadió que, conforme al Artículo 110 del Código Civil,[28] el licenciado Morales Cordero podía solicitar dicha incapacitación como defensor judicial. Sin embargo, sostuvo que no contaba con los recursos necesarios para proceder con dicha petición y, según sus argumentos, ningún familiar de las demandadas estaba disponible para poder solicitarlo y ser nombrado tutor.

Insatisfecho, la parta peticionaria presentó una *Solicitud de Reconsideración* el 13 de noviembre de 2024 donde reiteró que habiéndose nombrado un defensor judicial para las demandadas y habiendo el Departamento de la Familia asumido su protección, no existía impedimento en ley para que el pleito de marras continuara, sin tener que recurrir al procedimiento de incapacitación.[29] Añadió que su posición ya había sido fijada por el TPI en la *Resolución* emitida el 9 de noviembre de 2023. En la alternativa, arguyó que, si

---

[25] *Moción en Cumplimiento de Orden*, Apéndice del recurso, págs. 159-160; También indicaron que el Departamento de la Familia había intervenido con las demandadas, al amparo de la *"Carta de Derechos y la Política Pública del Gobierno a Favor de los Adultos Mayores"*, Ley Núm. 121 del 1 de agosto de 2019 (Ley Núm. 121-2019), según enmendada, 8 LPRA secs. 1511 *et seq.* asumiendo custodia legal según ordenado por el TPI en el caso número BYL121 2024-5535.
[26] *Minuta* fue notificada el 25 de noviembre de 2024. Apéndice del recurso, págs. 159-160.
[27] *Resolución Interlocutoria, Íd.*, págs. 161-163; Artículo 111 del Código Civil, *supra*, sec. 5632.
[28] Artículo 110 del Código Civil, *supra*, sec. 5631.
[29] *Solicitud de Reconsideración*, Apéndice del recurso, págs. 164-175.

en el ejercicio de su discreción procedía la paralización de los procedimientos para el proceso de incapacitación, les correspondía a los familiares o al defensor judicial iniciar el mismo, y no al Ministerio Público, conforme al orden de prelación del Artículo 110 del Código Civil.[30]

El 25 de noviembre de 2024, el foro primario emitió una *Resolución Interlocutoria* declarando No Ha Lugar dicha solicitud de reconsideración.[31]

Inconforme con dicha determinación, la parte peticionaria acudió ante esta Curia el 20 de diciembre de 2024, mediante un recurso de *certiorari* y señaló que el TPI cometió los siguientes errores:

> El Tribunal de Primer Instancia erró y abusó de su discreción al ordenar al Ministerio Público peticionar la declaración de incapacidad de las demandadas-recurridas, previo a continuar con los procedimientos del presente caso -sobre ejecución de hipoteca y cobro de dinero-, a pesar de que estas se encuentran representadas por un defensor judicial, que fue nombrado para ser tutor especial en el pleito que nos concierne.

> El Tribunal de Primera Instancia erró y abusó de su discreción al ordenar al Ministerio Público peticionar la declaración de incapacidad de las demandadas-recurridas, en un pleito independiente al presente, ya que aquí, las personas llamadas por ley para solicitarla, en primera instancia, son los parientes y el defensor judicial.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[32] En los casos civiles, la Regla 52.1 de Procedimiento Civil,[33] delimita las instancias en las

---

[30] Artículo 110 del Código Civil, *supra*, sec. 5631.
[31] *Resolución Interlocutoria*, Apéndice del recurso, págs. 176-177.
[32] *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).
[33] Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1.

que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*.[34] La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución bajo remedios provisionales de la Regla 56 de Procedimiento Civil,[35] *injunctions* de la Regla 57 de Procedimiento Civil,[36] o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[37] Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[38]

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[34] *Caribbean Orthopedics v. Medshape, et al., supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019).
[35] Regla 56 de Procedimiento Civil, *supra*, R. 56.
[36] Regla 57 de Procedimiento Civil, *Íd.*, R. 57.
[37] Regla 52.1 de Procedimiento Civil, *Íd.*; véase, además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487.
[38] Regla 52.1 de Procedimiento Civil, *supra.*

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[39]

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia,[40] de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado.

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia".[41] Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto".[42]

**B.**

Es harto conocido que, como regla general, existe una presunción da capacidad mental o sanidad en nuestro sistema de derecho.[43] Cuando se alegue la incapacitación de una persona mayor de edad, el Artículo 110 del Código Civil dispone que el cónyuge, si convive con dicha persona a la fecha de la solicitud; los progenitores, y en todos los casos, cualquier pariente con plena capacidad de obrar que tenga derecho a sucederle o el defensor judicial que el tribunal designe puede solicitar la declaración de

---

[39] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*
[40] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).
[41] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018).
[42] *Íd.*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[43] *Rivera y Otros v. Bco. Popular*, supra, pág. 157; *Jiménez v. Jiménez*, 76 DPR 718, 733 (1954).

incapacitación absoluta o parcial de la persona mayor de edad.[44] A modo de excepción, el Ministerio Público puede solicitar una declaración de incapacitación cuando, entre otras razones, "le sea requerido por alguna persona con interés en el bienestar y la seguridad personal del menor o del alegado incapaz, si las personas llamadas a hacerlo no inician oportunamente el procedimiento" y "no se conoce o no existe ninguna de las personas mencionadas en el artículo precedente".[45]

Ahora bien, cuando el Ministerio Público comienza el procedimiento, "el tribunal nombra un abogado y un defensor judicial para el alegado incapaz que no puede defender la integridad de su capacidad de obrar por sí mismo".[46] En los demás casos, el Ministerio Público ejerce el rol de defensor judicial de la alegada persona incapaz y gestiona las medidas cautelares necesarias para proteger tanto su persona como sus bienes.[47]

**c.**

El defensor judicial es aquel "'tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a un menor en un pleito en específico'".[48] Este nombramiento procede conforme al poder de *parens patriae* que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de incapaces y menores.[49] Cónsono con lo anterior, los tribunales poseen la capacidad de nombrarle un defensor judicial a cualquier persona incapacitada judicialmente siempre que este dispuesto por ley o lo juzgue conveniente.[50] Asimismo, "el tribunal determinará sobre el estado mental de la parte y si es conveniente y procede el

---

[44] Artículo 110 del Código Civil, *supra*, sec. 5631.
[45] Artículo 111 del Código Civil, *supra*, sec. 5632.
[46] Artículo 112 del Código Civil, *supra*, sec. 5633.
[47] *Íd.*
[48] *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 486 (2019) (*citando a Crespo v. Cintrón*, 159 DPR 290, 300 (2003))
[49] *Rivera Marrero v. Santiago Martínez*, *supra*, pág. 486.
[50] Regla 15.2(a) de Procedimiento Civil, *supra*, R. 15.2(a).

nombramiento de un defensor o una defensora judicial", a la luz de la última oración de las Reglas 4.4(c) y 22.2 de Procedimiento Civil.[51]

En lo pertinente, la Regla 4.4(c) de Procedimiento Civil dispone que en los casos donde la parte demandante, su representante legal o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, tiene el deber de informárselo al tribunal para que este proceda conforme a la Regla 15.2(b).[52] De la parte ser incapacitada, el tribunal podrá permitir que continúe el caso por o en contra de su defensor legal o tutor legal, previa moción notificada a tenor con la Regla 22.1 de Procedimiento Civil.[53]

**III.**

En el presente caso debemos resolver si procedía solicitar una declaración de incapacitación para las demandadas, previo a la continuación de los procedimientos del pleito de epígrafe sobre cobro de dinero y ejecución de hipoteca, o si podían continuar dichos procedimientos mediante la representación de las demandadas por parte del defensor judicial.

Según la *Resolución Interlocutoria* recurrida, el foro primario ordenó al Ministerio Público a solicitar una declaración de incapacitación para las demandadas, a tenor con el Artículo 111 del Código Civil.[54] Fundamentó su determinación en que, aunque el licenciado Morales Cordero —el defensor judicial asignado a las demandadas— podía realizar dicha petición, a la luz del Artículo 110 del Código Civil,[55] este no contaba con los recursos necesarios para proceder con ello, y que ninguno de los familiares de la señora Pérez Fuentes y la señora Ortiz Pérez estaba disponible para solicitarla y, consecuentemente, ser nombrado tutor.

---

[51] Regla 15.2 (b) de Procedimiento Civil, *supra*, R. 15.2(b).
[52] Regla 4.4(c) de Procedimiento Civil, *supra*, 4.4(c).
[53] Regla 22.2 de Procedimiento Civil, *supra*, R. 22.2.
[54] Artículo 111 del Código Civil, *supra*, sec. 5632.
[55] Artículo 110 del Código Civil, *supra*, sec. 5631.

En desacuerdo, la parte peticionaria arguyó que, mediante la *Resolución* emitida el 9 de noviembre de 2023, el foro primario ya había resuelto que "las demandadas no tienen que ser declaradas incapaces judicialmente para la designación de un defensor judicial",[56] y que dicha determinación se convirtió en ley del caso. En la alternativa, sostuvo que, si no procedía la doctrina de ley del caso, no le correspondía al Ministerio Público presentar la declaración de incapacitación, sino a los parientes y al defensor judicial.

Según expusimos anteriormente, cuando se desee declarar la incapacitación de una persona mayor de edad, el Artículo 110 del Código Civil dispone que el cónyuge que convive con esta, los progenitores, cualquier pariente con capacidad de obrar que tenga derecho a sucederle, o el defensor judicial, puede solicitar la declaración de incapacitación absoluta o parcial de dicha persona, conforme al Artículo 110 del Código Civil.[57] Como excepción, el Artículo 111 del Código Civil permite que el Ministerio Público solicite una declaración de incapacitación cuando, entre otras razones, le sea requerido por alguna persona con interés en el bienestar y la seguridad de una persona incapaz, o cuando no se conoce o existe ninguna de las personas mencionadas en el Artículo 110 del Código Civil.[58]

Por otro lado, la Regla 4.4(c) de Procedimiento Civil dispone que en los casos donde la parte demandante, su representante legal o la persona que diligencie el emplazamiento tenga fundamento razonable para creer que la persona que será emplazada está incapacitada mentalmente, tiene el deber de informárselo al tribunal para que este proceda conforme a la Regla 15.2(b).[59] El inciso (b) de

---

[56] *Resolución*, Apéndice del recurso, pág. 113.
[57] Artículo 110 del Código Civil, *supra*, sec. 5631.
[58] Artículo 110 del Código Civil, *supra*, sec. 5631; Artículo 111 del Código Civil, *supra*, sec. 5632.
[59] Regla 4.4(c) de Procedimiento Civil, *supra*, R. 4.4(c).

la Regla 15.2 de Procedimiento Civil dispone que, en los casos provistos en las Reglas 4.4(c) y 22.2 de Procedimiento Civil, "el tribunal determinará sobre el estado mental de la parte y si es conveniente y procede el nombramiento de un defensor o una defensora judicial".[60] Cónsono con lo anterior, y a la luz de la Regla 22.2 de Procedimiento Civil,[61] de la parte ser incapacitada, **el tribunal podrá permitir que continúe el caso por o en contra de su defensor legal** o tutor legal, previa moción notificada a tenor con la Regla 22.1 de Procedimiento Civil.

En el caso de epígrafe, el foro primario asignó al licenciado Morales Cordero como defensor judicial de ambas demandadas ante la preocupación del Centro de Mediación, Luna Residential, la representante legal de las demandadas y el hijo de la señora Pérez Fuentes sobre la capacidad mental de estas.

Posteriormente, el licenciado Morales Cordero arguyó que, sin mediar una declaración judicial de incapacitación de las demandadas, él estaba impedido de representarlas en el pleito de epígrafe, al amparo de los Artículos 111 y 112 del Código Civil.[62] Por su parte, la Procuradora de Asuntos de Familia sostuvo que ni las Reglas 4.4(c), 15.2(b) y 22.2 de Procedimiento Civil,[63] ni lo resuelto en *Rivera y Otros v. Bco. Popular*,[64] indicaban que para poder continuar con el litigio había que declarar la incapacitación de la parte demandada. Expuso que, por el contrario, estas disposiciones iban dirigidas a que, de existir duda sobre la capacidad *de facto* de dicha parte, se debía informar al tribunal, y que este, a su vez, evaluaría si la persona sufría de una reducción de sus capacidades para entender los procedimientos y, de ser así, designara un

---

[60] Regla 15.2(b) de Procedimiento Civil, *supra*, R. 15.2(b).
[61] Regla 22.2 de Procedimiento Civil, *supra*, R. 22.2.
[62] Artículos 111 y 112 del Código Civil, *supra*, secs. 5632-5633.
[63] Reglas 4.4(c), 15.2(b) y 22.2 de Procedimiento Civil, *supra*, R. 4.4(c), 15.2(b) y 22.2.
[64] *Rivera y Otros v. Bco. Popular, supra.*

defensor judicial. Cónsono con lo expuesto por la Procuradora de Asuntos de Familia, Luna Residential indicó que, en vista de que el foro primario había designado un defensor judicial en el caso de referencia, el pleito podía continuar por o en contra de su tutor o defensor judicial. Ante dichas circunstancias, el TPI correctamente resolvió, mediante la *Resolución* emitida el 9 de noviembre de 2023, que dicha designación <u>no dependía</u> de una determinación de incapacitación.

Sin embargo, el licenciado Morales Cordero reiteró que entendía que las demandadas estaban incapacitadas y que debía solicitarse el nombramiento de un tutor con facultad de manejar los asuntos de ambas. Por su parte, el Ministerio Público suplicó del foro primario que sostuviera las determinaciones emitidas en la *Resolución* del 9 de noviembre de 2023.[65] Además, el Departamento de la Familia y ADFAN indicaron que el Departamento de la Familia no poseía autoridad para intervenir por ambas en pleitos de cobro de dinero y ejecución de hipoteca, sino que el defensor judicial era quien se encontraba en mejor posición para cualquier defensa en beneficio de los adultos mayores. Luego de ello, el TPI sostuvo que iba a continuar el caso con el defensor judicial y sin el Ministerio Público.[66]

No obstante, y contrario a su determinación del 9 de noviembre de 2023, el foro *a quo* resolvió en la *Resolución Interlocutoria* recurrida que procedía que el Ministerio Público solicitara una petición de incapacitación de las demandadas, a tenor con el Artículo 111 del Código Civil.[67]

De una lectura cuidadosa de las reglas antedichas y los artículos del Código Civil, estas disposiciones no exigen que se

---

[65] Artículo 110 del Código Civil, *supra*, sec. 5631.
[66] *Minuta*, Apéndice del recurso, pág. 160.
[67] Artículo 111 del Código Civil, *supra*, sec. 5632.

declare la incapacitación de las demandadas para que pueda continuar el pleito. Por el contrario, indican que, de existir duda sobre la capacidad de las demandadas, se le debe informar al tribunal y este se encargará de determinar el estado mental de las demandadas y, si es conveniente, el nombramiento de un defensor judicial. Inclusive, conforme a la Regla 22.2 de Procedimiento Civil,[68] **el caso puede continuar por o en contra de su defensor legal**. Por lo tanto, no era necesario declarar a las demandadas incapaz, sino que era suficiente nombrar al licenciado Morales Cordero como defensor judicial de las señoras Pérez Fuentes y Ortiz Pérez para la continuación de los procedimientos del caso de epígrafe.

A la luz de lo anteriormente expuesto, el foro primario incidió al ordenar al Ministerio Público a solicitar una declaración de incapacitación de ambas conforme al Artículo 111 del Código Civil.[69] Consiguientemente, procede la expedición del recurso de *certiorari* y *se revoca* de la *Resolución Interlocutoria* recurrida.

### IV.

Por los fundamentos que anteceden, se expide el recurso de *certiorari* y *se revoca* la *Resolución* recurrida. Consecuentemente, se devuelve al foro primario para la continuación de los procedimientos a tenor con lo aquí resuelto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[68] Regla 22.2 de Procedimiento Civil, *supra*, R. 22.2.
[69] Artículo 111 del Código Civil, *supra*, sec. 5632.